The opinion of the court was delivered by
Manning, C. J.
The plaintiff sues to recover three thousand dollars, the amount of a policy of insurance on the life of her husband, William Wackerle, of which she is the beneficiary. She had judgment in the lower court last December.
The defendant files in this court the affidavit of William Wackerle, .made in San Francisco on the 24th of last month, in which he details his history, giving the names of his parents, of his wife, the date and circumstances of his marriage, the name of the priest who celebrated it, his removal from Minnesota where the marriage took place, his war service in company H, 9th. Regiment from that State, his residence in other States and finally in Quincy, 111. where he left his wife in 1870, and went to Sacramento, Cal. and shortly afterwards to Hydesville in that State where he is now living, and does not know where his wife is, not having heard from her for several years.
There are other affidavits filed which were taken on the same day, *1199 at the same place. Joseph Weinmann’s is that he knew Wackerle in Minnesota, and his wife also — that he was a lieutenant of the company of volunteers, of which Wackerle was a member, and served with him, and has been in correspondence with him several years about obtaining a pension for him — that he is present while Wackerle is making his affidavit, and recognizes that affiant as the man whom he knew in Minnesota, and in military service, and whose wife’s name was Wilberga. John Hein and Nicholas Hein swear that they were members of the company along with Wackerle, and give the name of the captain, .as well as that of Weinman as lieutenant, and that have now before them then the same Wackerle, whom they recognize, and who has just then made the affidavit before mentioned.
It appears the affiant Wackerle then went to a photographer, and we have his affidavit that the photograph which he appends was taken by him on that day of a man who represented himself as William Wackerle.
The defendant thereupon prayed the court not to enter upon the consideration of the merits of the qause, but to remand it for a new trial upon this shewing. This motion, and the accompanying affidavits were filed on the 16th. of this month, the day after the transcript of appeal was filed. The plaintiff filed her counter-affidavit on the 17th., stating that she has just arrived at this place, and inspected the photograph, and read the affidavits filed by the defendant, and that the person thus photographed is not her late husband, and is not like him — that “ her husband’s hair was curly, different pointedly and distinctly from that of the photograph annexed, in fact in every feature there is no similarity between the photograph and her late husband, and that the affidavits as to identity are false.”
The suit was filed in January 1877, and the answer at the ensuing April term, and the defendant then denied the death of the William Wackerle, whose life it had insured. During the interval between that and the December term numerous depositions were taken, and on the trial the plaintiff herself testified. She related her personal history, giving date and place of her marriage, the name of the priest-celebrant, which the clerk has spelled Wistman — idem sonans with Wissmann, the name given in Waekerle’s affidavit — the subsequent journeys and removals of her husband and herself, and his final departure, as she says, for Texas. She heard of his death in that State in January 1873, she being then in St. Louis, and came on in April of that year. A labourer of the same name as her husband had been killed on the railway, by the passenger train crushing his leg, a few miles from Shreveport on Dec. 25, 1872. She proved to the satisfaction of the lower court that this man was her husband.
*1200 When, a party to a suit dies after judgment in the lower court and before the appeal is heard, his counsel upon suggestion or proof of his death, moves in this court to have his representative made a party to the appeal, and it is granted as a matter of course. Here is a suit based upon the death of a person, and the suggestion is that he is alive, and the proof, filed with the suggestion, ex-parte and not entirely regular in its authentication, apparently supports it, while the plaintiff emphatically contradicts it.
We can not receive new and original evidence except for certain purposes, and there is no precedent in our Reports to this application. Nevertheless, it is the duty of courts to make precedents when the ends of justice demand it. If we should refuse this motion to remand, and proceed to the examination of the merits, and reverse the-judgment already obtained by the plaintiff, she would in her application for rehearing no doubt join in the defendant’s motion. If we should affirm the judgment, our concurring assent to the lower judge’s belief in her husband’s .death would so firmly fix that belief in her own mind that she might abate any efforts to ascertain whether he be alive or not, while the defendant would have suffered a serious and irreparable wrong, if it shall in the end prove true that the William Wackerle who is now living in California is really the husband of the plaintiff. a
We are not unmindful that under cover of a motion to remand for evidence subsequently discovered, attempts may be made to delay appeals in other cases, but the remedy is in our own hands, and the circumstances of the present application are extraordinary and exceptional. We shall give to both -parties an opportunity to ascertain a fact so interesting to them.
It is ordered, adjudged, and decreed that the judgment of the lower court is avoided and reversed, and that this cause is remanded thereto for a new trial, the costs of this appeal to await final judgment therein.